IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action NO. **09-cv-00211-JLK**

**ADVANCED ELEVATOR, A Colorado Corporation,**
**by and through, FRANK McTARSNEY, its president and sole owner, and**
**JEFF A. MOTICHKA,**

  Plaintiffs,

v.

**UNITED STATES OF AMERICAN (sic),**
**ROBERT M. GATES, Secretary of the (sic) Defense,**
**WILLIAM "BILL" RITTER, JR., Governor of the State of Colorado,**
**BRIGADIER GENERAL THOMAS D. MILLS, Commander, Colorado National Guard,**

  Defendants.

_____

# ORDER
_____

Kane, J.

Plaintiff and his employer, an elevator service and maintenance company and its president, filed this civil action seeking a temporary restraining order, preliminary injunction and permanent injunction pursuant to 42 U.S.C. § 1983 prohibiting Defendants from calling the employee, Colorado Army National Guardsman Jeff A. Motichka, to active duty with the United States Army. In support, Plaintiffs assert Motichka is a senior trouble shooter for Plaintiff American Elevator, Inc. (AEC) and its only qualified technician to conduct maintenance and service work pursuant to approximately 275 elevators throughout the Denver metropolitan area. Plaintiffs contend Motichka's unavailability for work on such short notice would severely impact AEC's business, causing it to lose existing service/maintenance contracts and open it to civil liability from clients. *See* Compl. ¶¶ 10-17. The matter is before me now on Plaintiffs' Motion

for *Ex Parte* Emergency Temporary Restraining Order.

While Plaintiffs acknowledge Motichka has not received any formal or written orders regarding deployment, they contend Motichka has been "informally advised that [his] unit will be federalized for active duty with the United States Army for one month commencing on 9 February 2009" – only four days from now – and then "deployed overseas thereafter." Compl. ¶ 14. In addition to the requests orders for injunctive relief, Plaintiffs also seek an award of "contract damages for violation of the[ir] Constitutional rights," and attorney fees and costs pursuant to 42 U.S.C. § 1988.

The action is dismissed with prejudice by the court, *ex mero motu*, for the following reasons:

1. Plaintiffs AEC and Frank McTarsney have no standing to bring this action.

2. I am without subject matter jurisdiction over the claims as stated by Plaintiffs. Claims brought by military personnel for injuries arising from or incident to military service are generally nonjusticiable under the doctrine established in <u>Feres v. United States</u>, 340 U.S. 135 (1953). The <u>Feres</u> doctrine applies equally under the present circumstance to Plaintiffs request for an order enjoining federal or state governments from activating military personnel for duty. State National Guard entities are not purely state agencies in that they must comply with federal military regulation. <u>Nyberg v. State of Wyoming, et al.</u>, 65 P.2d 1241 (Wyo. 2003)(discussing generally the relation between state National Guard entities and the federal government, as well as the history of the <u>Feres</u> doctrine). Tort claims against the United States and its agencies and representatives for alleged injuries incident to military service are limited to instances where the defending agency fails to follow directives of the central command and where the action taken

does not concern the composition of the military. No allegations are contained in Plaintiffs' pleadings alleging that Defendants, or any of them, have failed to follow the directives of the central command. Personnel decisions within the National Guard require assessment of military qualifications and as such involve the composition of the military. See Uhl v. Swanstrom, et al., 79 F.3d 751 (8th Cir. 1996).

3. It is well established that members of the National Guard are covered by the Feres doctrine; individual defendants, in their individual capacities, are protected by the Feres doctrine; and the doctrine applies to the composition of the military. Wood v. United States, 968 F.2d 738 (8th Cir. 1992).

4. As Judge Gorsuch cogently observed in his concurring opinion in Hanson v. Wyatt, 2008 WL 5549070 (C.A.10(Okla.)) at p. 15, "[T]he Supreme Court has repeatedly warned against congressionally uninvited judicial review in these very circumstances, holding that authority over discrete military personnel matters, including those involving federal oversight of the National Guard, is committed by the text of the Constitution to the elected branches."

In sum, any relief which the Plaintiff Jeff A. Motichka seeks must be obtained from the National Guard itself and not from the judicial branch.


Dated this 4th day February, 2009.

BY THE COURT:


*s/John L. Kane*
SENIOR U.S. DISTRICT JUDGE