IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action NO. **09-cv-00211-JLK**

**ADVANCED ELEVATOR**, A Colorado Corporation,
by and through, **FRANK McTARSNEY**, its president and sole owner, and
**JEFF A. MOTICHKA**,

    Plaintiffs,

v.

**UNITED STATES OF AMERICAN (sic)**,
**ROBERT M. GATES**, Secretary of the (sic) Defense,
**WILLIAM "BILL" RITTER, JR.**, Governor of the State of Colorado,
**BRIGADIER GENERAL THOMAS D. MILLS**, Commander, Colorado National Guard,

    Defendants.

___

**ORDER DENYING MOTIONS FOR POST-JUDGMENT RELIEF AND FOR STAY**
___

Kane, J.

On February 4, 2009, I issued an Order dismissing *ex mero motu* Plaintiffs' Complaint and Motion for *ex parte* Emergency Temporary Restraining Order. The Complaint, filed by National Guardsman Jeff A Motichka's employer on his company's behalf, sought declaratory and injunctive relief in the form of an order prohibiting state or federal authorities from calling Motichka to active duty with the United States Army based on the representation that doing so would severely impact his employer's business. I denied the Motion and dismissed the Complaint under the *Feres* doctrine and because neither Motichka nor his employer articulated any colorable constitutional claim for relief. Plaintiffs now move, again citing no authority, "To File a Declaration and Post Judgment Motion(s) Under Seal" and "For Post Trial [sic] Relief (Stay of Judgement and Order of District Court Pending Appeal)."

It could not have been made more clear than that I am without jurisdiction and hence without authority to entertain further motions in this case. Viewing them as requests for reconsideration, and as a matter of advisement only, I direct Plaintiffs to *M.M. v. Zavaras*, 939 F. Supp. 799 (D. Colo 1996)(Kane, J.) and *M.M. v. Zavaras*, 139 F.3d 798 (10th Cir. 1998) regarding anonymity and the sealing of court documents. Motions to seal, or otherwise to obstruct or conceal the public nature of court proceedings are held in disfavor.

> Courts are public institutions which exist for the public to serve the public interest. Even a superficial recognition of our judicial history compels one to recognize that secret proceedings and sealed documents are anathema to a free society.

*M.M.*, 939 F. Supp. at 801.

Under the best of circumstances a motion to seal cannot be granted without a balancing of the interests of the public in having open courts with any alleged privacy interests of a litigant. Plaintiffs here assert that the interests of Advanced Elevator's business are adversely affected by the exercise of the military powers of the governments of the United States and the State of Colorado in requiring AE employee Motichka to report for active military duty with the National Guard. The plaintiffs seek not only to seal the existing documents on file but also "sealing any further motion or notice submitted in this matter." The grounds given are that further publicity could hinder present business relationships, business contracts and functions "and hinder its [Plaintiff corporation] vendors, and deter its customers."

It is obvious that the filing of a lawsuit may result in the public learning about it and may very well cause members of the public to form opinions concerning the suit. That is the nature of an open society. Compared to the so-called privacy interest of the plaintiffs to litigate in a public forum under conditions of secrecy is the interest not only of the public in witnessing how

its courts function, but in this case the clearly countervailing interests of the executive and legislative branches of both state and federal governments in performing their respective constitutionally mandated duties without interference from the courts. Such is the gravamen of the Supreme Court's decision in *Feres v. United States*, 340 U.S. 135 (1953) and the basis for the dismissal of this action with prejudice.

If more is needed about the lack of authority of federal courts to meddle in military affairs, the Tenth Circuit in *Lindenau v. Alexander*, 663 F.2d 68, 70 (10th Cir. 1981) recognized the very limited circumstances under which a federal court may appropriately review military action. The role of federal courts in the internal affairs of the military is narrow and restricted. *Clark v. Widnall*, 51 F.3d 917, 921 (10th Cir. 1995). While a civilian court may, under circumstances, review military action to determine whether military officials have acted within the scope of their powers or violated their own regulations or to question the constitutionality of statutes relating to the military, none of those grounds can meaningfully be called into play based on Plaintiffs' allegations in their Complaint. Advanced Elevator and Motichka appear before me explicitly to prevent the issuance of an order by military superiors a guardsman for military service on grounds such service may cause Motichka's employer to suffer economic loss. While I denigrate neither the company's motivation nor Motichka's in trying to uphold business contracts in tough economic times, the military's action in calling Motichka to duty does not impact any protected constitutional right of his employer. There are simply no allegations in the dismissed Complaint that would support a civilian court's review of the military's action with regard to Motichka's service under any applicable statutory or constitutional authority. Plaintiffs' remedies, if any, lie with Motichka and the National Guard.

As stated above, the action was dismissed with prejudice and judgment has entered. Even if the Motion to Stay is considered timely, there is no basis articulated in the Motion or that I can divine for granting it. The combined Motions for Post Trial Relief (treated as a motion for reconsideration) and for Stay of Judgement Pending Appeal (Doc. 10) are **DENIED**. The Motion to File a Declaration and Post Judgment Motion(s) Under Seal (Doc. 8) are also **DENIED.**

Dated March 2, 2009.

*s/John L. Kane*
SENIOR U.S. DISTRICT JUDGE